1 | SEDGWICK LLP
2 | Valerie D. Rojas (Bar No.180041)
  | valerie.rojas@sedgwicklaw.com
3 | 801 South Figueroa Street, 19th Floor
4 | Los Angeles, California  90017-5556
  | Telephone:  213.426.6900
5 | Facsimile:   877.547.6580

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL** |
| v. | |
| APPSTACK, INC., a Delaware corporation; STEVE ESPINOSA, an individual; and JOHN ZDANOWSKI, an individual, and Does 1 through 100, inclusive, | |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

83421446v1

1

# COMPLAINT FOR DECLARATORY RELIEF

For its complaint against Defendants AppStack, Inc. ("AppStack"), Steve Espinosa, and John Zdanowski (collectively "Defendants"), Plaintiff Scottsdale Insurance Company ("Scottsdale") states as follows:

## NATURE OF ACTION

1. This action involves an actual controversy that currently exists between Scottsdale and Defendants for which Scottsdale seeks declaratory relief pursuant to 28 U.S.C. §2201. The controversy concerns insurance coverage for a class action known as *Monty J. Booth, et al. v. AppStack, Inc., et al.,* Case No. 2:13-cv-01533-JLR, pending in the United States District Court of the Western District of Washington (the "Underlying Action").

## THE PARTIES

2. Scottsdale is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located in Scottsdale, Arizona.

3. AppStack is a Delaware corporation with its principal place of business located at 43174 Business Park Dr., Suite 103, Temecula, California 92590.

4. On information and belief, Steve Espinosa resides at 24312 Rosita Drive, Wildomar, California 92067.

5. On information and belief, John Zdanowski resides at 17209 Via Cuatro Caminos, #2697, Rancho Santa Fe, California 92067.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship between Scottsdale and Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs.

83421446v1

2

7. The Court has jurisdiction over this action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201, 2202 for the purpose of deciding an actual case or controversy between the parties.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because AppStack is deemed to reside in this district pursuant to 28 U.S.C. §1391(c)(2), and the other Defendants reside in California.

## GENERAL ALLEGATIONS

**A. The Insurance Policy**

9. Scottsdale issued Business and Management Indemnity Policy No. EKS 3086192 to AppStack for the Policy Period February 17, 2013 to February 17, 2014 (the "Policy"). A copy of the Policy is attached to this Complaint as Exhibit A.

10. The Policy is a "claims-made-and-reported" policy that, subject to its terms, conditions, and exclusions, affords coverage under the following sections: (i) Employment Practices Coverage Section, and (ii) Directors and Officers and Company Coverage Section (the "D&O Coverage Section"). The D&O Coverage Section is the only coverage section potentially applicable to the Underlying Action.

11. The Policy's D&O Coverage Section has a $1 million aggregate Limit of Liability for all Loss (inclusive of Costs, Charges and Expenses), with an additional $1 million aggregate Limit of Liability in respect of all Loss under Insuring Clause A.1., subject to a $2 million aggregate Limit of Liability.

12. Section C.1.a. of the Policy's D&O Coverage Section provides as follows:

   C.   EXCLUSIONS

   Exclusions Applicable to All Insuring Clauses

83421446v1

3

>Insurer shall not be liable for Loss under this Coverage Section on account of any Claim:
>
>for actual or alleged bodily injury, sickness, disease, death, false imprisonment, assault, battery, mental anguish, emotional distress, invasion of privacy of any person, or damage to or destruction of any tangible or intangible property, including loss of use thereof, whether or not such property is physically injured.

13. Endorsement No. 29 to the Policy's D&O Coverage Section provides as follows:

>The following is added to Section C. Exclusions, paragraph 1. Exclusions Applicable to All Insuring Clauses:
>
>Insurer shall not be liable for Loss under this Coverage Section on account of any Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failing to render professional services, provided, this exclusion shall not apply to any Claim(s) brought by a securities holder of the Company in their capacity as such.

14. Section C.2.b.ii. of the Policy's D&O Coverage Section provides as follows:

>2. Exclusions Applicable Only to Insuring Clause A.3.
>
>Insurer shall not be liable for Loss on account of any Claim . . .

     b. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving: . . .

      ii. any goods or products manufactured, produced, processed, packaged, sold, marketed, distributed, advertised or developed by the Company.

    Provided, however, the exclusions in 2.a. and 2.b. above shall not apply to any such Claim brought or maintained, directly or indirectly, by one or more securities holders of the Company in their capacity as such.

### B.  The Underlying Action

15.  The Underlying Action was filed on August 27, 2013. An Amended Complaint was filed on October 30, 2013. A Second Amended Complaint was filed on December 29, 2014. AppStack, Steve Espinosa, and John Zdanowski are named as defendants in the Underlying Action.

16.  The Underlying Action alleges that AppStack is in the business of mobile and internet marketing; provides mobile advertising and a platform for applications to small businesses across the United States; resells Google's mobile ads; tracks ad performance; and customizes mobile applications for small businesses. The Underlying Action alleges that Steve Espinosa is the Chief Executive Officer of AppStack and that John Zdanowski is the Chief Financial Officer of AppStack.

17.  The Underlying Action alleges that Defendants engage in telemarketing using an automatic telephone dialing system to contact potential customers who have not consented to receive telephone calls on their telephones.

18. The Underlying Action alleges that the underlying plaintiffs and class members received numerous telephone calls from Defendants to which they had not consented that were pre-recorded automated messages delivered by an automatic dialing and announcing device ("ADAD").

19. The Underlying Action alleges that the pre-recorded automated messages stated words to the effect that Defendants could help with Google advertisement placement.

20. The Underlying Action alleges that Defendants' use of an ADAD for the purpose of commercial solicitation violates the privacy of the underlying plaintiffs and the class members.

21. The Underlying Action asserts causes of action for violations of (i) the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400; (ii) the Washington Consumer Protection Act, RCW 19.86; and (iii) the Telephone Consumer Protection Act of 1991 ("TCPA").

### C. Allegations Relevant to the Policy

22. After the Underlying Action was filed, Defendants tendered the Underlying Action to Scottsdale for coverage under the Policy.

23. Pursuant to Section F. of the Policy's D&O Coverage Section, which states Scottsdale has the duty to defend a Claim against the Insureds, Scottsdale has to date provided Defendants with a defense in the Underlying Action. That defense has been provided subject to a reservation of Scottsdale's right to deny coverage based on certain Policy provisions and exclusions, including the exclusions contained in Section C.1.a, Endorsement No. 29, and Section C.2.b.ii.

### FIRST CAUSE OF ACTION
### CLAIM FOR DECLARATORY RELIEF

24. Scottsdale hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

25. An actual, present, and justiciable controversy has arisen and now exists between Scottsdale and Defendants concerning whether the Policy affords coverage to Defendants for the Underlying Action.

26. Specifically, Scottsdale seeks a judicial resolution of this controversy and a declaration of the following:

27.

    a. Section C.1.a. of the Policy's D&O Coverage Section bars coverage to all Defendants for the Underlying Action because the Underlying Action is a Claim for actual or alleged invasion of privacy of any person.

    b. Endorsement No. 29 of the Policy's D&O Coverage Section bars coverage to all Defendants for the Underlying Action because the Underlying Action is a Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failing to render professional services.

    c. Section C.2.b.ii. of the Policy's D&O Coverage Section bars coverage to AppStack for the Underlying Action because the Underlying Action is a Claim alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving goods or products sold, marketed, distributed, advertised, or developed by AppStack.

WHEREFORE, Scottsdale requests that the Court:

1. Declare that coverage for the Underlying Action is barred by Section C.1.a, Endorsement No. 29, and Section C.2.b.ii. of the Policy's D&O Coverage Section;

2. Award Scottsdale its costs and attorneys' fees as appropriate; and

83421446v1

7

3. Award Scottsdale such additional relief that the Court deems just, necessary, and proper.

## JURY TRIAL DEMAND

Defendant requests a jury trial on all issues so triable.

DATED: June 17, 2016           SEDGWICK LLP


                        By: */s/ Valerie D. Rojas*
                            Valerie D. Rojas
                            Attorneys for Plaintiff
                            SCOTTSDALE INSURANCE COMPANY

83421446v1                              8